UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **TRUIST BANK,** | Civil Action No. 24-1533 (JKS)(MAH) |
| Plaintiff, | **OPINION** |
| v. |  |
| **ELGEO CORP, et al.,** |  |
| Defendants. |  |

### I.    INTRODUCTION

This matter comes before the Court on Plaintiff Truist Bank's ("Plaintiff") motion for leave to serve by alternative means the Summons, Complaint, and related filings upon Defendants, Elgeo Corp ("Elgeo"), David Alhalabi ("Alhalabi"), and Irakli Sharashenidze ("Sharashenidze") pursuant to Federal Rules of Civil Procedure 4(e) and 4(h). *See generally* Mot. for Alt. Serv., D.E. 10. Specifically, Plaintiff requests leave to effect service on Defendants by: (1) sending a copy of the Summons, Complaint, and related filings by certified and ordinary mail to Defendants' last known addresses and Defense counsel's email; (2) award for the expenses incurred in effectuating service; and (3) an extension of time to serve Defendants by sixty additional days. *See id.*; Mot. for Ext. of Time, D.E. 11. For the reasons set forth below, Plaintiff's motion is **granted in part and denied in part.**

### II.    BACKGROUND

On March 5, 2024, Plaintiff filed this action against Defendants, alleging breach of loan violations. *See generally* Compl., D.E. 1. According to the Complaint, Plaintiff extended to Elgeo two loans and "made available" two credit card facilities, all of which were "absolutely and

1

unconditionally guaranteed" by Alhalabi and Sharashenidze. *See id.* at ¶¶ 2-3. Plaintiff alleges Defendants have defaulted on the loans and credit card facilities secured for Elgeo, and it now seeks to recover the money Defendants owe. *See id.* at ¶ 4. Despite multiple attempts, Plaintiff has been unsuccessful in personally serving Defendants. *See generally* Mot. for Alt. Serv., D.E. 10.

On May 24, 2024, Plaintiff filed its first motion for alternative service. *See* First Mot. for Alt. Serv., D.E. 8. On May 28, 2024, the Court denied Plaintiff's motion without prejudice due to Plaintiff's failure to include a legal brief and a proposed form of alternative service. *See* Order, May 28, 2024, D.E. 9. Plaintiff rectified these deficiencies and on June 6, 2024, filed the instant motion. *See* Mot. for Alt. Serv., D.E. 10. Plaintiff also attached a supporting certification of its counsel, Jeffrey M. Lichtstein ("Mr. Lichtstein"), and a supplementary exhibit containing recent emails between Mr. Lichtstein and counsel for Defendants, Mr. Morris Fateha, Esq. ("Mr. Fateha").[1] *Id.*

According to Mr. Lichtstein, Plaintiff has been unable to effectuate service on Defendants, as detailed herein. *See generally* Ex. 1, Cert. of Jeffrey M. Lichtstein, D.E. 8-1. On March 6, 2024, the Court issued a summons for Defendants. Summons, D.E. 3. The following day, Mr. Fateha emailed Mr. Lichtstein that he "represent[s] [Elgeo] in connection with the Truist Bank matter." *See* Ex. 2, First Email Exchange, D.E. 8-2 at 3. On March 8, 2024, Plaintiff retained De Novo Attorney Services, Inc. ("De Novo") to serve Defendants at their last known addresses. Ex. 1, Cert. of Jeffrey M. Lichtstein, D.E. 8-1, at ¶¶ 3-6. De Novo used Defendants' addresses from the Promissory Note and Guarantees ("Loan Documents") associated with the loan subject to this

---

[1] In the interest of adjudication of this motion on the merits, the Court notes that it references an additional certification and exhibits submitted in the First Motion, as well as attached exhibits and certifications submitted in the instant motion.

action. *See* Ex. A, Promissory Note, D.E. 1-1; Ex. E, Guaranty, D.E. 1-5. However, even with Defendants' last known addresses, De Novo could not effectuate service on Defendants. *See* Ex. 3, Returns of Non-Service, D.E. 8-3, at 2-4.

De Novo attempted to serve Sharashenidze, individually, and as resident agent for Elgeo, on March 11, 2024, at his last known residence, 131 Dudley Street, Apt. 122, Jersey City, New Jersey 07302.[2] *See id*. When the process server attempted to serve Sharashenidze at this address, the current tenant stated she did not know Sharashenidze. *Id.* Further, the front desk representative said Sharashenidze's lease expired on September 6, 2003. *See id.* Plaintiff then directed De Novo to widen its search efforts. *See* Ex. 1, Cert. of Jeffrey M. Lichtstein, D.E. 8-1, at ¶ 7. De Novo conducted an "expanded person search" ("Skip Trace") to locate other addresses potentially associated with Sharashenidze. *See* Ex. 4, Skip Trace, D.E. 8-4, at 2. As a result of the Skip Trace, De Novo determined Sharashenidze likely resides at 71 Blanchard Road, South Orange, New Jersey 07079. *See id*.

Accordingly, De Novo attempted service on Sharashenidze at 71 Blanchard Road, South Orange, New Jersey 07079, four times: (1) March 19, 2024, at 7:16 p.m.; (2) March 23, 2024, at 10:29 a.m.; (3) March 26, 2024, at 9:04 p.m.; and (4) March 30, 2024, at 9:04 a.m. *See* Ex. 3, Returns of Non-Service, D.E. 8-3, at 2-3. During the March 19, 2024, attempt, a nanny at the residence stated to the process server that "[Sharashenidze] would return from work later in the evening." *See id.* at 2. On March 23, 2024, the same nanny told the process server,

---

[2] Plaintiff deemed Sharashenidze to be the resident agent for New Jersey company Elgeo because he lives in New Jersey, is president of Elgeo, and is a guarantor of the loan. *See generally* Mot. for Alt. Serv., D.E. 10. The Court acknowledges the "determination whether an individual is 'a managing or general agent' depends on a factual analysis of that person's authority within the organization[,]" and therefore accepts for this motion Plaintiff's characterization of Sharashenidze as resident agent. *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513 (3d Cir. 1971) (internal citations omitted).

"[Sharashenidze] was not home and works every day." *See id.* Subsequently, De Novo attempted service after typical work hours, at approximately 9:00 p.m. on March 26, 2024, but no one answered the door. *See id.* Similarly, at approximately 9:00 a.m. on March 30, 2024, De Novo could not serve Sharashenidze. *See id.*

Additionally, De Novo attempted to serve Alhalabi at 2423 E. 1st Street, Brooklyn, New York 11223 four times: (1) March 14, 2024, at 11:29 a.m.; (2) March 15, 2024, at 8:20 a.m.; (3) March 18, 2024, at 9:07 p.m.; and (4) March 26, 2024, at 8:50 p.m. *See* Ex. 3, Returns of Non-Service, D.E., 8-3 at 4. On March 14, 2024, March 15, 2024, and March 18, 2024, De Novo's process server could not serve Alhalabi because there was "[n]o answer at the door." *See id.* During the fourth service attempt on March 26, 2024, at 8:50 p.m., the process server saw "[l]ights on; kids['] stuff everywhere; [a] television on in [two] rooms; [and a] car in the garage[,]" but could not effectuate service. *See id.*

Plaintiff also engaged in additional investigative efforts to locate Defendants. *See* Ex. 1, Cert. of Jeffrey M. Lichtstein, D.E. 8-1, at ¶¶ 15-20. Mr. Lichtstein searched the internet, social media, Department of Defense Manpower Data Center, and PACER. *See id.*; Ex. 9, Servicemembers Search, D.E. 8-9; Ex. 10, Indiv. Defs. PACER Search, D.E. 8-10; Ex. 11, Elgeo PACER Search, D.E. 8-11; Ex. 12, LinkedIn Search, D.E. 8-12. However, the investigation failed to yield any new information to assist Plaintiff. *See* Ex. 1, Cert. of Jeffrey M. Lichtstein, D.E. 8-1, at ¶¶ 15-20.

After these unsuccessful service attempts, Mr. Lichtstein directed an attorney at his firm to request a waiver of service of process from Defendants. *See* Ex. 1, Cert. of Jeffrey M. Lichtstein, D.E. 8-1, at ¶ 9. On April 8, 2024, Mr. Lichtstein emailed Mr. Fateha a Notice of a Lawsuit ("Notice") and a Request to Waive Service of a Summons ("Waiver"). *See* Ex. 2, First

4

Email Exchange, D.E. 8-2, at 2.  Mr. Fateha responded to Mr. Lichtstein on April 16, 2024, that he is "not authorized to waive service."  *See* Ex. 2, First Email Exchange, D.E. 8-2, at 1.  On April 9, 2024, Plaintiff sent Defendants a Notice of Lawsuit, copy of the Complaint, two copies of the Waiver, and prepaid means of returning the forms via first-class mail.  *See* Ex. 6, Waivers of Service, D.E. 8-6; Ex. 7, First Class Mail, D.E. 8-7; Ex. 8, Pre-Paid Postage, D.E. 8-8; Ex. 1, Cert. of Jeffrey M. Lichtstein, D.E. 8-1, at ¶ 11.  Plaintiff used each Defendant's last known address obtained from the Loan Documents.  Ex. 1, Cert. of Jeffrey M. Lichtstein, D.E. 8-1, at ¶ 11.  On May 24, 2024, Mr. Lichtstein emailed Mr. Fateha a courtesy copy of Plaintiff's Motion for Substituted or Constructive Service.  *See* Ex. 2, Second Email Exchange, D.E. 10-2, at 1.  Mr. Fateha responded that he does not represent Defendants "on this litigation" and can "only settle this matter."  *See id*.  As of May 24, 2024, neither Defendants nor Mr. Fateha have signed and returned the Waivers.  *See* Ex. 1, Cert. of Jeffrey M. Lichtstein, D.E. 8-1, at ¶ 14.

### III.    DISCUSSION

Plaintiff argues the Court should allow it to serve Defendants by alternative means because "all reasonable efforts of effectuating personal service or waiver of service have failed."  *See* Mot. for Alt. Serv., D.E. 10, at 5.  Plaintiff proposes service by registered or certified mail, ordinary mail, and email to Mr. Fateha.  *See id*.  Plaintiff also requests Defendants pay for the expenses Plaintiff incurred effecting service following Defendants' failure to execute the Waivers.  *See id.* at 8.

#### A.  Legal Standard

Federal Rule of Civil Procedure 4(e) governs service of process on individual defendants and provides the framework for service on a corporation, as outlined in Federal Rule of Civil Procedure 4(h).  Federal Rule of Civil Procedure 4(e) states:

5

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>
> > (1) following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and the complaint to the individual personally;
> > >
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In New Jersey, personal service is the primary and preferred method for individuals and corporate defendants within and outside the state. N.J. Ct. R. 4:4-4(a); N.J. Ct. R. 4:4-4(a)(1); N.J. Ct. R. 4:4-4(a)(6). However, when personal service cannot be effectuated upon an individual or corporation in accordance with N.J. Ct. R. 4:4-4(a), New Jersey law allows for substitute service so long as the proposed form of service is "provided by court order, consistent with due process of law." *See* N.J. Ct. R. 4:4-4(b)(3).

Before seeking a court order pursuant to Rule 4:4-4(b)(3), an "affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts." *Modan v. Modan*, 327 N.J. Super. 44, 47 (App. Div. 2000). The diligence exercised and the alternative service requested must meet the constitutional requirements of due process provided that "notice [be] reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See O'Connor v. Altus*, 67 N.J. 106, 126-27 (1975) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (holding

that the proposed means of alternative service must comport with constitutional notions of due process). "There is no objective formulaic standard for determining what is, or is not, due diligence. Instead . . . due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan*, 327 N.J. Super. at 48 (internal citation and quotations omitted); *see also J.C. v. M.C.*, 438 N.J. Super. 325, 331 (Ch. Div. 2013) (holding that to show due diligence, a plaintiff must demonstrate a good faith effort to locate a defendant). Due diligence does not require a plaintiff to "take every conceivable action" to find a defendant's whereabouts. *Guardian Life Ins. Co. of Am. v. Crystal Clear Indus.*, No. 11-3062, 2012 WL 1884003, at *5 (D.N.J. May 22, 2012). Since there is no "objective formulaic standard" for determining due diligence, the court must instead assess diligence by performing a fact-sensitive inquiry of "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *See id.* at 47-48; *Janowski v. Williams*, No. 12–3144, 2014 WL 1092611, *2 (D.N.J. Mar. 18, 2014) (finding plaintiff must demonstrate a good faith effort to locate defendant to satisfy due diligence). Once a plaintiff has exhibited that he exercised reasonable due diligence, "a court may order an alternative means of service that is consistent with due process." *Guardian Life Ins. Co. of Am. v. Estate of Matesic*, No. 16-643, 2016 WL 3763340, at *2 (D.N.J. Jul. 14, 2016).

     **B. Analysis**

          **i.     Diligence**

Here, the Court finds that Plaintiff has demonstrated due diligence in attempting to serve Defendants. Plaintiff's process servers attempted to personally serve Defendants many times at their last known addresses. *See* Ex. 3, Returns of Non-Service, D.E. 8-3, at 2-4. Plaintiff further attempted to locate Defendants by searching the internet, social media, and PACER. *See* Ex. 1, Cert. of Jeffrey M. Lichtstein, D.E. 8-1, at ¶¶ 15-20. After the futile service attempts, Plaintiff

7

mailed each Defendant a Notice of Lawsuit, copy of the Complaint, two copies of the Waivers, and prepaid means of returning the forms to ensure Defendants had knowledge of the lawsuit.[3] *See* Ex. 6, Waivers of Service, D.E. 8-6, Ex. 7, First Class Mail, D.E. 8-7, Ex. 8, Pre-Paid Postage, D.E. 8-8. Mr. Lichtstein also emailed Mr. Fateha copies of the Notices, Waivers, and Plaintiff's May 24, 2024, Motion for Substituted or Constructive Service. *See* Ex. 2, Second Exchange 2, D.E. 10-2, at 2.

The Court finds the record clearly demonstrates Plaintiff attempted to serve Sharashenidze, individually, and as resident agent for Elgeo. Indeed, the process server attempted service five times, though each attempt proved to be unsuccessful. Ex. 3, Returns of Non-Service, D.E. 8-3, at 2-4, Ex. 4, Skip Trace, D.E. 8-4 at 2. Upon receiving information from the current tenant and confirmation from the front desk representative at the 131 Dudley Street location that Sharashenidze did not live there, Plaintiff endeavored to find Sharashenidze's correct, current address via Skip Trace. *See* Ex. 3, Returns of Non-Service, D.E. 8-3, at 2-3. When the Skip Trace informed Plaintiff that Sharashenidze resided at the 71 Blanchard Road residence, Plaintiff focused its efforts on serving Sharashenidze there. *See* Ex. 3, Returns of Non-Service, D.E. 8-3, at 2-4, Ex. 4, Skip Trace, D.E. 8-4, at 2. Indeed, the process server attempted service at this location four times. *See* Ex. 3, Returns of Non-Service, D.E. 8-3, at 2-4. Further, it is clear Plaintiff exercised diligence in its attempts. This is evidenced by Plaintiff revising its service strategy when it had a better understanding of Sharashenidze's possible work schedule. *Id.*

---

[3] The Court notes that Mr. Lichtstein sent Sharashenidze's forms only to the 131 Dudley Street address rather than the address identified by the Skip Trace, the 71 Blanchard Road address. However, this does not change the Court's finding because Plaintiff exercised due diligence in attempting to personally serve and locate Sharashenidze multiple times at the Blanchard Road address.

8

Plaintiff similarly exercised diligence in its attempts to serve Alhalabi. Indeed, the record shows that Plaintiff attempted to serve Alhalabi four times at 2423 E. 1st Street, Brooklyn, New York 11223. *See id.* at 4. The process server stated that "no [one] answer[ed] the door" when she attempted service at the residence on March 14, 2024, at 11:29 a.m., March 15, 2024, at 8:20 a.m., and March 18, 2024, at 9:07 p.m. *See id.* The process server was unsuccessful even when changing the time to attempt service. *See id.*

Though Plaintiff has not attempted to serve Defendants after further internet research, the Court concludes any additional efforts would likely be futile because the search failed to uncover verifiable information as to Defendants' whereabouts.[4] *See* Ex. 9, Servicemembers Search, D.E. 8-9; Ex. 10, PACER Search for Indiv. Defs., D.E. 8-10; Ex. 11, Elgeo PACER Search, D.E. 8-11; Ex. 12, LinkedIn Search, D.E. 8-12. For instance, Plaintiff performed general internet and social media searches for Sharashenidze and Alhalabi, but Plaintiff could not correctly attribute the search results to named Defendants. *See* Ex. 1, Cert. of Jeffrey M. Lichtstein, D.E. 8-1, at ¶¶ 18-19. Further, a general internet search for Elgeo "revealed only that [Elgeo] maintained a LinkedIn social media account, that its associated members primarily live in Tbilisi, Georgia[,] and New Jersey, and that it formerly maintained a website –www.elegeo.com—which is currently defunct." *See id* at ¶ 20. Though a social media search can be another helpful way to locate someone, Plaintiff is not required to "take every conceivable action" to find a defendant's whereabouts. *See Guardian Life Ins. Co. of Am.*, 2012 WL 1884003, at *5.

Following these unsuccessful service attempts, Plaintiff tried another route to notify Defendants of the pending action. *See* Mot. for Alt. Serv., D.E. 10, at 5. Plaintiff mailed each

---

[4] Plaintiff established that Defendants are not active-duty service members or parties in other open federal cases. *See* Ex. 9, Servicemembers Search, D.E. 8-9; Ex. 10, Indiv. Defs. PACER Search, D.E. 8-10; Ex. 11, Elgeo PACER Search, D.E. 8-11; Ex. 12, LinkedIn Search, D.E. 8-12.

9

Defendant a Notice of Lawsuit, copy of the Complaint, two copies of the Waivers, and prepaid means of returning the forms to Mr. Lichtstein.  *See* Ex. 1, Cert. of Jeffrey M. Lichtstein, D.E. 8-1, at ¶ 11.  Plaintiff also emailed Mr. Fateha copies of the Notices, Waivers, and Plaintiff's May 24, 2024, Motion for Substituted or Constructive Service.  *See* Ex. 2, First Email Exchange, D.E. 8-2; Ex. 2, Second Email Exchange, D.E. 10-2.  Further, the record reflects additional "qualitative efforts" Plaintiff has performed to effect service by transmitting physical and digital Notices and Waivers to Defendants and Mr. Fateha.  *See Modan,* 327 N.J. Super. at 47-48.  Based on Plaintiff's varied and numerous attempts to locate and personally serve Defendants, the Court is satisfied that Plaintiff has exercised "reasonable diligence" in its attempts to serve Defendants.

## ii.     Due Process

Although Plaintiff has demonstrated diligence in attempting to serve Defendants, the Court's inquiry does not end there because any form of substitute service must be "consistent with due process of law."  N.J. Ct. R. 4:4-4(b)(3); *see also Marlabs Inc. v. Jakher*, No. 07-4074, 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010) (explaining that a proposed means of alternative service must comport with constitutional notions of due process). The United States Supreme Court has explained that the proposed method of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Courts allow a "wide variety of alternative methods of service."  *Marks L. Offs., LLC v. Mireskandari*, 704 F. App'x 171, 177 (3d Cir. 2017).  Alternative service by certified mail has been deemed to comport with due process requirements.  *See* Rule 4:4-4(b)(1)(C); *Guardian Life*

*Ins. Co. of Am. v. Estate of Matesic*, No. 16-643, 2016 WL 3763340, at *2 (D.N.J. July 14, 2016) (concluding simultaneous service by certified and ordinary mail satisfies due process).

Courts have also permitted alternative service by way of email. *See Marks L. Offs., LLC*, 704 App'x at 177. However, what qualifies as sufficient service depends on each case's particular facts and circumstances. *See Prediction Co. LLC v. Rajgarhia*, No. 09-7459, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010). This Court has specifically allowed a plaintiff to serve a defendant domestically by email where the plaintiff provided evidence that the email was "reasonably likely to apprise Defendant of the pendency of this action." *See Menon v. Corbett*, No. 21-8384, 2023 WL 4946972, at *3-5 (D.N.J. Aug. 3, 2023) (citing *SEC v. Vuuzle Media Corp.*, No. 21-1226, 2021 WL 1731947, at *3 (D.N.J. May 3, 2021)) (finding plaintiff's proper attribution of the address to defendant and showing its recent use demonstrated that email service would sufficiently apprise defendant of the action). Usually this evidence provides the Court with "facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *Vuuzle Media Corp.*, 2021 WL 1731947, at *3; *see also Hayward Indus. v. CompuPool Prods.*, No. 22-7330, 2023 WL 3736216, at *10 (D.N.J. May 31, 2023) (denying service via email where the plaintiff failed to show prior correspondence with addresses to indicate the accounts were operative).

Here, the Court finds that Plaintiff's first proposed method of alternative service via certified and ordinary mail is appropriate. Not only is this method articulated in New Jersey's Court Rules but it has also been accepted by this Court as complying with due process requirements. *See* Rule 4:4-4(b)(1)(C), *Estate of Matesic*, 2016 WL 3763340, at *2.

The Court also finds that serving Defendants via morrisfateha@gmail.com would sufficiently alert Defendants of the action. *See Menon,* 2023 WL 4946972, at *3-4 (citing *Vuuzle*

11

*Media*, 2021 WL 1731947, at *3) (concluding email service sufficient because plaintiff properly attributed email address to defendant and provided communications showing its recent usage), *Vuuzle Media*, 2021 WL 1731947, at *3 (citing *SEC v. Dubovoy*, No. 15-6076, 2016 WL 7217607, at *3 (D.N.J. Dec. 13, 2016)) (allowing "alternative service where defendants 'are likely already aware of the action against them'"). For example, Mr. Fateha, as a representative of Elgeo, initiated emails with Mr. Lichtstein in March 2024 and has since engaged in continuous correspondence with him. *See* Ex. 2, First Email Exchange, D.E. 8-2 at 3; Ex. 2, Second Email Exchange, D.E. 10-2. As an officer of the court, Mr. Fateha is well-positioned to adequately give Defendants notice of the action and afford them an opportunity to present a defense, even if he only represents them for settlement purposes, as he currently claims. *See Grange*, 2022 WL 855694, at *4; Ex. 2, Second Email Exchange, D.E. 10-2, at 1. Further, the email exchanges clearly show that Mr. Fateha used his email address recently and consistently throughout the litigation and indicates to the Court that Mr. Fateha would likely receive service at morrisfateha@gmail.com. *See Hayward,* 2023 WL 3736216, at *10. Plaintiff has sufficiently shown that serving the Summons and Complaint upon Defendants via Mr. Fateha's email address would further put Defendants on actual notice of the action and allow them to present a defense. *See Mullane*, 339 U.S. at 314.

At bottom, Plaintiff has demonstrated diligence in locating Defendants to effectuate personal service and its proposed means of alternative service via certified mail, ordinary mail, and email to Mr. Fateha comports with due process. Therefore, this Court will allow Plaintiff the opportunity to serve Defendants by certified and ordinary mail. Plaintiff shall use all addresses taken from the Loan Documents, as well as those addresses found via Skip Trace, when serving

Defendants. Plaintiff shall also resend the necessary service documents to Mr. Fateha at morrisfateha@gmail.com.[5]

### IV. CONCLUSION

For the above reasons, Plaintiff's motion for alternative service, D.E. 10, **is granted in part and denied in part**. In addition, Plaintiff's motion for an extension of time to serve Defendants in accordance with this decision, D.E. 11, is **granted**. An appropriate Order accompanies this Opinion.

/s *Michael A. Hammer*
Hon. Michael A. Hammer,
United States Magistrate Judge

Dated: August 22, 2024

---

[5] The Court denies Plaintiff's request for expenses incurred in "making service following Defendants' deliberate failure to sign a return the April 9, 2024 Waivers." *See* Mot. for Alt. Serv., D.E. 10, at 8. "[A]ttorney fees incurred in effectuating service, such as the time billed for an attorney to arrange service, are not compensable under Rule 4(d)." *Fink v. Bishop*, No. 23-566, 2024 WL 3084409, at *3 (D.N.J. June 21, 2024) (citation omitted). Here, Plaintiff has not adequately provided to the Court the amount of fees it seeks, or what this alleged costs were incurred from. Accordingly, the Court cannot make a determination based on the submissions it has before it. Therefore, Plaintiff's request is denied without prejudice.